**JORGE HERNANDEZ, NJ ATTORNEY ID # 043021993**
LAW OFFICES OF JORGE L. HERNANDEZ, LLC
100 JEFFERSON AVENUE, SUITE 302
ELIZABETH, NEW JERSEY 07201
(908) 289-8228 ♦ (908) 289-8225 FAX
ATTORNEY FOR PLAINTIFFS

| | |
|---|---|
| EVELYN BYRD AND RENE GIBBS<br>PLAINTIFF(S),<br><br>vs.<br><br>WEREKO KWAME, ZOBENG TRUCKING, LLC, JOHN AND JANE DOE 1-10 (FICTITIOUS UNIDENTIFIED INDIVIDUALS) AND ABC CORPORATION 1-10 (FICTITIOUS UNIDENTIFIED BUSINESS ENTITIES)<br>Defendant(s). | STATE OF NEW JERSEY<br>SUPERIOR COURT<br>LAW DIVISION: UNION COUNTY<br><br>Docket No.:  UNN-L-000029-21<br>CIVIL ACTION<br><br>FIRST AMENDED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNCIL, DEMAND FOR INSURANCE POLICY LIMITS AND DEMAND FOR ANSWERS TO INTERROGATORIES |

PLAINTIFF EVELYN BYRD residing at 1081 Magnolia Avenue, City of Elizabeth, County of Union and State of New Jersey hereby state as follows:

PLAINTIFF RENE GIBBS residing at 538 Livingston Street, City of Elizabeth, County of Union and State of New Jersey hereby state as follows:

### FIRST COUNT

1. On or about April 12, 2019, PLAINTIFF EVELYN BYRD was operating a motor vehicle carrying passenger PLAINTIFF RENE GIBBS at or near the general area and vicinity of Randolph Avenue and Route 1 in the Town of Rahway, County of Union and State of New Jersey.

2. On or about April 12, 2019 and at all times relevant thereto, DEFENDANT WEREKO KWAME was operating a vehicle owned by DEFENDANT ZOBENG TRUCKING, LLC, at or near the general area and vicinity of Randolph Avenue and Route 1 in the Town of Rahway, County of Middlesex and State of New Jersey.

3. On or about April 12, 2019 and at all times relevant thereto, DEFENDANT WEREKO KWAME operated a 2015 commercial vehicle bearing North Carolina plates owned by DEFENDANT ZOBENG TRUCKING, LLC which commercial vehicle was being used by DEFENDANT KWAME as permissive user of the owner and/or as the agent, servant, and/or employee of the owner and which commercial vehicle was traveling at or near general Randolph Avenue and Route 1 in the Town of Rahway, County of Middlesex and State of New Jersey.

4. On or about April 12, 2019 and at all times relevant thereto, DEFENDANTS, JOHN AND JANE DOE 1-10 (fictitious unidentified individuals) and ABC CORPORATION 1-10 (fictitious unidentified business entities), are heretofore unidentified individuals, named herein for the express purpose of tolling the applicable Statutes of Limitation were operating a motor vehicle at or near the general vicinity of Randolph Avenue and Route 1 in the Town of Rahway, County of Union and State of New Jersey

5. On or about April 12, 2019 and at all times relevant thereto, DEFENDANTS WEREKO KWAME, ZOBENG TRUCKING, LLC, JOHN AND JANE DOE 1-10 (fictitious unidentified individuals) and ABC CORPORATION 1-10 (fictitious unidentified business entities), did so carelessly, recklessly and negligently own, entrust, maintain, repair and/or operate the aforementioned motor vehicle so as to cause same strike Plaintiff's vehicle when properly stopped and to be involved in a collision and injured PLAINTIFFS EVELYN BYRD and RENE GIBBS.

6. As a direct and proximate result of the negligence of the DEFENDANTS as aforementioned, PLAINTIFFS EVELYN BYRD and RENE GIBBS were caused to sustain and did sustain, individually, severe and permanent personal injuries with extreme pain and suffering, requiring medical attention and treatment resulting in cost and medical bills, rendering each individual plaintiff disabled and/or impaired, preventing each individual plaintiff from engaging in their respective normal activities and pursuits and thereby incurring lost wages; which injuries will in the future cause each Plaintiff individually to suffer pain and suffering, will require each Plaintiff individually to incur medical attention and treatment and cause each individually plaintiff future disability and impairment.

7. This action is not barred by NJSA 39:6A-1, et seq.

**WHEREFORE**, PLAINTIFFS EVELYN BYRD and RENE GIBBS each and individually demands judgment against the DEFENDANTS WEREKO KWAME, ZOBENG TRUCKING, LLC, JOHN AND JANE DOE 1-10 (fictitious unidentified individuals) and ABC CORPORATION 1-10 (fictitious unidentified business entities), jointly, severally or in the alternative in the amount of his damages, together with interest and costs of suit.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues as permitted by law.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the Law Offices of Jorge L. Hernandez, LLC, attorney for Plaintiff, hereby appoint Jorge L. Hernandez as trial counsel.

## DEMAND FOR INSURANCE COVERAGE

In accordance with Rule 4:10-2, Defendants are demanded to provide a complete copy of the applicable Liability Insurance Policies, including any excess or umbrella policies, with Declaration Sheets within thirty (30) days of service of this Complaint.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiffs hereby demand answers to Uniform Interrogatories Form C and Form C(1) within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiffs hereby demands answers to the attached Supplemental Interrogatories within sixty (60) days of the filing of Defendants' Answer to this Complaint.

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether Defendant driver operated the subject motor vehicle as permissive user of the owner and/or as the agent, servant, and/or employee of the owner and state with detail and with particularity the relationship of Defendant driver to Defendant owner.

S2. Pursuant to Rule 4:17-4, please designate any information set forth in your answers to these interrogatories which is not within the answerer's personal knowledge and as to that information please state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document(s) including the location thereof.

S3. State the name and address of the location where the operator of Defendant's motor vehicle last entered Defendant's motor vehicle prior to the time of the alleged accident.

S4. Beginning from the location where the operator of Defendant's motor vehicle last entered said vehicle prior to the accident as set forth in the immediately preceding interrogatory, describe the course of travel taken by the operator of Defendant's vehicle up to the location of the accident setting forth street names and directions traveled.

S5. State whether an estimate of the damage to Defendant's vehicle was made subsequent to the subject accident, and if so, please state the name and address of the person, firm and/or corporation providing the estimate of damage, the date the estimate of damage was obtained and annex hereto a copy of any written estimate.

## CERTIFICATION

I certify that the within controversy is not the subject of any other action pending in any other court or of any pending arbitration proceeding pending or contemplated and that I know of no other party who should be joined in this action.

LAW OFFICES OF JORGE L. HERNANDEZ, LLC

ATTORNEYS FOR PLAINTIFFS
EVELYN BYRD AND RENE GIBBS

Date: 1/11/2021

By: Jorge L. Hernandez, Esq.